1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12    CONNIE CHERRONE, RICARDO              NO. CIV. 2:12-02069 WBS CKD
      DOMINGUEZ, DENISE ELLIS,
13    THOMAS HOOVER, HAZEL
      SARMIENTO, THELMA KNIGHTON,           MEMORANDUM AND ORDER RE:
14    HENRY KNIGHTON, VICENT MACIAS,        MOTION TO DISMISS
      SHAHANNY MACIAS, TRAVIS
15    MARTIN, KATIE MARTIN, DUC TAN
      NGUYEN, STEPHEN ORTEGA, DALE
16    RISENHOOVER, KRISTA REGO, and
      JARED STERRITT,
17
              Plaintiffs,
18
         v.
19
      FLORSHEIM DEVELOPMENT, a
20    California Corporation;
      FLORSHEIM PROPERTIES, a
21    California Corporation; ROSE
      PETALS, LLC, a California
22    Limited Liability Company;
      ROSE PARK, LLC, a California
23    Limited Liability Company; and
      DOES 1-300 inclusive,
24
              Defendants.
25    _____/

26
                           ----oo0oo----
27

28         Plaintiff homeowners brought this action against

                                  1

1   defendants Florsheim Development, Florsheim Properties, Rose

2   Petals, LLC, and Rose Park, LLC, arising from defendants'

3   allegedly wrongful conduct relating to the development and sale

4   of homes within a housing subdivision.  Plaintiffs' general

5   allegations have been previously set out in the court's December

6   5, 2012 Order, (Docket No. 21), and will not be repeated here.

7   In that Order, the court dismissed plaintiffs' federal claims in

8   the First Amended Complaint ("FAC") with leave to amend and

9   declined to exercise supplemental jurisdiction over plaintiffs'

10  remaining state law claims.  (Dec. 5, 2012 Order at 6-13.)

11  Plaintiffs filed their Second Amended Complaint ("SAC") on

12  December 21, 2012, bringing the same claims as brought in the

13  FAC.  (Docket No. 22.)  Currently before the court is defendants'

14  motion to dismiss the SAC under Federal Rule of Civil Procedure

15  12(b)(6) for failure to state a claim upon which relief can be

16  granted.

17  I.  Discussion

18      A.   Interstate Land Sales Full Disclosure Act

19           ("ILSFDA")

20           As explained in the December 5, 2012 Order, plaintiffs'

21  claim alleging violations of the ILSFDA, 15 U.S.C. § 1703(a)(2),

22  sounds in fraud and must be pled with particularity under Federal

23  Rule of Civil Procedure 9(b).  See Kearns v. Ford Motor Co., 567

24  F.3d 1120, 1124 (9th Cir. 2009); Vess v. Ciba-Geigy Corp. USA,

25  317 F.3d 1097, 1103-04 (9th Cir. 2003); Degirmenci v. Sapphire-

26  Fort Lauderdale, LLLP, 693 F. Supp. 2d 1325, 1341-43 (S.D. Fla.

27  2010).  In that Order, the court dismissed plaintiffs' claim

28  because "plaintiffs failed to identify which defendant made the

                                    2

1 allegedly false statements, the time and place of the statements,

2 and the specifics of the statements."  (Dec. 5, 2012 Order at 8.)

3          Plaintiffs now allege that defendants, from 2008 to

4 2010 as "An Anniversary Gift to You," made false promises to

5 refund the difference in price between a home at purchase and at

6 the year's end.  (SAC ¶ 35.)  Defendants allegedly made this

7 promise through unidentified "website, brochure, press release,

8 radio and television," and by banners hanging across the entrance

9 to the subdivisions.  (Id.)  Defendants also allegedly failed to

10 disclose that prices of the homes were artificially increased,

11 failed to disclose the sales agents' "dual agency relationships,"

12 and misrepresented aspects of the development of the

13 neighborhood, such as the building of a park, through undisclosed

14 "map layouts," "Subdivision maps," "brochure and signage," "the

15 public record," and "verbal representation from the Florsheim

16 Homes sales representatives."  (Id. ¶¶ 30, 41, 42, 47, 52, 54.)

17 Plaintiffs further allege a fraudulent "scheme" to artificially

18 bolster home prices through the use of "captive" lenders and

19 appraisers.  (Id. ¶¶ 24, 29, 31, 51(b).)  Sales agents Mattie

20 Zedlitz and Tiffany Leon, along with the alleged president of

21 Florsheim Homes, Joseph Anfuso, are alleged to have "fully

22 participat[ed] in all activities" related to the fraud.  (Id. ¶

23 5.)

24          Plaintiffs again fail to plead fraud with sufficient

25 particularity.  Plaintiffs do not identify a specific statement

26 or omission, let alone the person or marketing material making

27 the misrepresentation.  They refer to a broad array of

28 advertising material without identifying a specific brochure or

3

1  advertisement, nor do they explain how each of the plaintiffs

2  encountered the alleged misrepresentations.[1]  Furthermore, to the

3  extent plaintiffs rely upon a generalized fraudulent scheme to

4  raise housing prices by false appraisals, plaintiffs fail to

5  adequately allege any specifics of the scheme, including the

6  offending appraisers and each participant's role in the scheme.

7       At the hearing on defendants' motion, counsel for

8  plaintiffs argued that the SAC adequately alleges

9  misrepresentations by Mattie Zedlitz and Tiffany Leon,

10  defendants' sales agents, when the sales agents distributed

11  brochures which falsely promised to refund the difference between

12  the home price at sale and at the year's end.  The SAC, however,

13  does not include any such allegation.  Rather, the SAC only

14  alleges that the sales agents distributed lists of preferred

15  lenders at model home showings between 2006 and 2011.  (SAC ¶¶

16  25-26.)  Nowhere does the SAC allege that these brochures

17  included promises to refund the difference in the home's price at

18  the year end.

19       Overall, as in the FAC, plaintiffs' allegations are not

20  "'specific enough to give defendants notice of the particular

21  misconduct . . . so that they can defend against the charge and

22

23       [1]   Plaintiffs' argue that they have met the particularity
    requirement by identifying relevant corporate officers and
24  alleging facts to show alter-ego or single-enterprise liability.
    While "instances of corporate fraud may [] make it difficult to
25  attribute fraudulent conduct to each defendant," a plaintiff must
    nonetheless "include the misrepresentations themselves with
26  particularity and, where possible, the roles of the individual
    defendants in the misrepresentations."  Moore v. Kayport Package
27  Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  Plaintiffs'
    failure to plead particular misrepresentations is therefore fatal
28  to their claim.

1   not just deny that they have done anything wrong.'" <u>Kearns</u>, 567

2   F.3d at 1124 (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014,

3   1019 (9th Cir. 2001)).  Plaintiffs' ILSFDA claim will therefore

4   be dismissed.

5               B.     <u>Sherman Act</u>

6           In the December 5, 2012 Order, the court dismissed

7   plaintiffs' claim under § 1 of the Sherman Act, 15 U.S.C. § 1,

8   because plaintiffs failed to sufficiently plead that defendants

9   tied home sales to financing under the first prong of a <u>per</u> <u>se</u>

10   tying violation.  (Dec. 5, 2012 Order at 12.)  To state a claim

11   for a <u>per</u> <u>se</u> tying violation, the plaintiff must allege: "'(1)

12   that the defendant tied together the sale of two distinct

13   products or services; (2) that the defendant possesses enough

14   economic power in the tying product market to coerce its

15   customers into purchasing the tied product, and (3) that the

16   tying arrangement affects a not insubstantial volume of commerce

17   in the tied product market.'" <u>Rick-Mik Enters., Inc. v. Equilon</u>

18   <u>Enters. LLC</u>, 532 F.3d 963, 971 (9th Cir. 2008) (quoting <u>Cascade</u>

19   <u>Health Solutions v. PeaceHealth</u>, 515 F.3d 883, 912 (9th Cir.

20   2008)) (internal quotation marks omitted).

21           "The essential characteristic of an invalid tying

22   arrangement lies in the seller's exploitation of its control over

23   the tying product to force the buyer into purchase of a tied

24   product that the buyer either did not want at all, or might have

25   preferred to purchase elsewhere on different terms." <u>Jefferson</u>

26   <u>Parish Hosp. Dist. No. 2 v. Hyde</u>, 466 U.S. 2, 12 (1984),

27   <u>overruled on other grounds by</u> <u>Illinois Tool Works Inc. v. Indep.</u>

28   <u>Ink</u>, 547 U.S. 28 (2006).  If a defendant lacks market power in

the relevant tying product market, there can be no cognizable

tying claim because the defendant "has no power to force,

exploit, or coerce" the plaintiff to purchase a tied product or

to affect competition in the tied-product market.  Rick-Mik, 532

F.3d at 972.  "A failure to allege power in the relevant market

is a sufficient ground to dismiss an antitrust complaint."  Id.

        In Rick-Mik, the Ninth Circuit reviewed a district

court's dismissal of a Sherman Act tying claim for failure to

state a claim upon which relief can be granted.  See id. at 970.

The plaintiff alleged that Equilon, which does business as Shell

Oil Products, required the plaintiff to use its credit-card

processing services (the tied product) when the plaintiff

obtained a retail gasoline franchise (the tying product).  Id. at

972.  While the plaintiff alleged specific facts as to Equilon's

power in the retail gasoline market, the plaintiff failed to

adequately allege market power in the relevant market for the

tying product--the retail gasoline franchise market--because the

complaint failed to include relevant factual allegations such as

"what percentage of gasoline franchises are Equilon's

(Shell/Texaco) as compared to other franchises[,] . . . the

percentage of gasoline retail sales that are made through non-

franchise outlets[,] . . . the amount of power or control that

Equilon has over prospective franchisees[,] . . . [or] the

relative difficulty of a franchisee to switch franchise brands."

Id.

        Even assuming, without deciding, that plaintiffs'

amended allegations can be read to indicate a tying arrangement,

plaintiffs here, like the plaintiff in Rick-Mik, fail to allege

1  defendants' market power in the relevant market.  While the

2  plaintiffs allege that Florsheim Homes built "literally

3  thousands" of homes between 2006 and 2011, (SAC ¶ 33), the SAC

4  lacks any factual allegations as to the percentage of homes in

5  the relevant market built by Florsheim compared to other

6  builders, the percentage of home sales by non-Florsheim

7  developers in the relevant market, or the relative difficulty of

8  obtaining a comparable home in the relevant market.  See Rick-

9  Mik, 532 F.3d at 972.[2]

10       Plaintiffs rely on Northern Pacific Railway Company v.

11  United States, 356 U.S. 1 (1958).  There, the Court found an

12  illegal tying arrangement based on the extensive landholdings of

13  the defendant railroad.  See N. Pac. Ry. Co., 356 U.S. at 7

14  (noting that the railroad "possessed substantial economic power

15  by virtue of its extensive landholdings").  Here, however,

16  plaintiffs fail to adequately allege the extent of defendants'

17  holdings or power in the relevant market.  To the extent

18  plaintiffs wish the court to apply any kind of presumption of

19  market power due to the unique nature of property or homes, the

20  Supreme Court, in overruling its case law holding that a patent

21

22       [2]  Defendants further argue that any market power obtained
    by defendants is based on the contractual arrangement between the
23  parties and therefore cannot satisfy the second prong of a per se
    illegal tying arrangement.  See Rick-Mik, 532 F.3d at 973 ("A
24  tying claim generally requires that the defendant's economic
    power be derived from the market, not from a contractual
25  relationship that the plaintiff has entered into voluntarily).
    Since plaintiffs have failed to adequately allege market power in
26  the relevant market, the court declines to address whether that
    alleged market power is derived from a voluntary contractual
27  relationship.
          The court also need not address whether plaintiffs have
28  satisfied the third prong of a per se illegal tying arrangement.

1  on the tying product creates a presumption of market power, has

2  explicitly held that "in all cases involving a tying arrangement,

3  the plaintiff must prove that the defendant has market power in

4  the tying product." Ill. Tool Works, 547 U.S. at 46 (emphasis

5  added).  The court, therefore, will not apply any such

6  presumption.

7       Under the standard for a motion to dismiss laid out in

8  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft

9  v. Iqbal, 556 U.S. 662 (2009), the SAC fails to satisfy the

10  second prong of a per se illegal tying arrangement because it

11  does not include factual allegations of market power in the

12  relevant market.  Plaintiffs' claim under the Sherman Act will be

13  therefore be dismissed.[3]

14       C.   Remaining State Law Claims and Leave to Amend

15       Because plaintiffs' federal claims will be dismissed

16  and no unusual circumstances suggest that the court should retain

17  jurisdiction over plaintiffs' state law claims, the court again

18  declines to exert supplemental jurisdiction over plaintiffs'

19  remaining state law claims and those claims will be dismissed.

20  See 28 U.S.C § 1367(c) (providing that a district court may

21

22       [3]   To the extent the SAC could be read to allege a
    violation of the Sherman Act under the "rule of reason," see
    Brantley v. NBC Universal, Inc., 675 F.3d 1192, 1197 (9th Cir.
23  2012), plaintiffs' allegations again fall short.  Plaintiffs
    allege that defendants colluded with appraisers and lenders to
24  artificially inflate prices of homes, (SAC ¶¶ 24, 29), and allege
    that this scheme is shown by unspecified "greater than average
25  sums" and "non-typical fees" paid to the preferred lenders at
    closings of escrow, (id. ¶ 30).  These vague allegations,
26  however, do not provide "enough factual matter (taken as true) to
    suggest that an agreement was made," nor do they create a context
27  that suggests a preceding agreement, rather than "parallel
    conduct that could just as well be independent action."  See
28  Twombly, 550 U.S. at 556-57.

8

decline to exercise supplemental jurisdiction if "the district
court has dismissed all claims over which it has original
jurisdiction"); see also Reynolds v. County of San Diego, 84 F.3d
1162, 1171 (9th Cir. 1996) ("[I]n the usual case in which federal
law claims are eliminated before trial, the balance of factors
[outlined in 28 U.S.C. § 1367(c)] . . . will point toward
declining to exercise jurisdiction over the remaining state law
claims.") overruled on other grounds by Acri v. Varian Assocs.,
Inc., 114 F.3d 999, 1000 (9th Cir. 1997).[4]

Plaintiffs have now been permitted to amend their
complaint twice.  The court previously dismissed plaintiffs'
federal claims under the Sherman Act and the ILSFDA for failing
to adequately allege subject matter jurisdiction, (Oct. 12, 2012
Order at 6, 8 (Docket No. 12)), and for failing to state a claim
upon which relief can be granted, (Dec. 5, 2012 Order at 9, 12).
While leave to amend must be freely given, the court is not
required to permit futile amendments.  See DeSoto v. Yellow
Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Reddy v.
Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman
Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.
1987); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,
701 F.2d 1276, 1293 (9th Cir. 1983).

Since the court has already found plaintiffs'
allegations lacking on these very same federal claims twice
before and plaintiffs' allegations remain insufficient, the court

---

[4]   Since the court will dismiss the entire SAC, the court
makes no finding as to whether plaintiffs have failed to join a
necessary party under Federal Rule of Civil Procedure 19.

1  must assume that plaintiffs can do no better and will dismiss the
2  SAC without leave to amend.

3          The court, however, has consistently declined to
4  exercise jurisdiction over plaintiffs' state law claims on the
5  grounds that their federal claims were deficient.  (Oct. 12, 2012
6  Order at 9; Dec. 5, 2012 Order at 13).  As in the court's prior
7  orders, the court makes no finding as to the sufficiency of
8  plaintiffs' state law claims and will dismiss those claims
9  without prejudice.  Plaintiffs will be free to bring those claims
10 in the state court.

11         IT IS THEREFORE ORDERED that defendants' motion to
12 dismiss be, and the same hereby is, GRANTED.  Plaintiffs' first
13 claim under the ILSFDA and fifth claim under the Sherman Act are
14 DISMISSED with prejudice.  Plaintiffs' remaining claims under
15 state law are DISMISSED without prejudice.

16         The Clerk of the Court is directed to enter judgment of
17 dismissal and close this file.

18 DATED: February 27, 2013

19

20 _____
21 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

10